UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA SERIGNE et al                              CIVIL ACTION

versus                                             NO. 06-8492

STATE FARM INSURANCE COMPANY                       SECTION: E/2
et al

### ORDER AND REASONS

Plaintiff Barbara Serigne's ("Serigne") motion to remand to the 34th Judicial District Court for the Parish of St. Bernard is before the Court.  Record document #3.  Defendant State Farm Insurance Company ("State Farm") opposes the motion.  After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

### FACTS AND PROCEDURAL BACKGROUND

Serigne owns a home in St. Bernard Parish, Louisiana.[1] During 2005, the home was insured by a homeowner's insurance policy issued by State Farm, a foreign insurer doing business in Louisiana.  Defendant Edward Shaumburg ("Shaumburg"), the State Farm agent who serviced Serigne's recent policy renewals, is a Louisiana domiciliary.  Serigne's home was destroyed as a result of Hurricane Katrina.  State Farm denied Serigne's claim on the homeowner's policy based on its determination that the property was destroyed by flood waters and not by a covered peril such as hurricane winds and tornadoes.  Serigne filed suit in state court

---

[1] See, generally, Petition for Damages.

N/A

against defendants; State Farm removed the suit to federal court alleging diversity jurisdiction. State Farm argues that Shaumburg is improperly joined in an attempt to defeat diversity jurisdiction, and that the jurisdictional amount of $75,000.00 is met[2].

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

Improper joinder must be proved by the removing party "with

---

[2]Serigne does not dispute that the claim is for more than $75,000.00.

particularity and supported by clear and convincing evidence." Doe v. Cutter Biological, 774 F.supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).  To determine whether there is improper joinder, the court may "pierce the pleadings" and consider summary judgment type evidence.  Parker v. Lexington Ins. Co., 2006 WL 3328040, *1 (E.D.La 11/15/2006) *citing* Travis v. Irby, 326 F.3d 644, 648049 (5th Cir. 2003).  The purpose of the inquiry is "only to identify the presence of discrete and undisputed facts that would preclude [plaintiffs'] recovery against the in-state defendant."  Botnick v. Vigilant Insurance Co., 2006 WL 2947912, *7 (E.D.La), *citing* Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573-74 (5th Cir. 2004).  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

This Court has numerous motions to remand pending in cases similar to this one, most of which present substantially the same legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.  *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –,

2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 06-7550 (E.D.La. December 2006).

State Farm argues that Serigne's allegations do not state a cause of action against Shaumburg because Shaumburg did not "procure" the policy at issue. It produced a copy of the application for homeowner's insurance, dated 10/27/87, signed by Barbara Serigne and showing M. Nelson as the producing agent. Opposition, Ex. "1". State Farm argues that Serigne's Petition does not allege "any substantive communication"[2] with Schaumburg after he began servicing the policy in March, 2004[3], therefore they have failed to state a claim against him. State Farm also argues that the claims against Schaumburg should be dismissed because any liability he may have to Serigne will be imputed to State Farm. Finally, as support for its claim that Schaumburg was joined solely to defeat diversity jurisdiction, State Farm

---

[2]It its reply memorandum, at r.d. # 13, State Farm makes a reference to an affidavit by Schaumburg, attesting that he had no contact with Serigne during the three years prior to Hurricane Katrina. The Court could not locate the referenced affidavit in the record.

[3]Also produced at Exhibit "1" is the affidavit of Robert Gilley, Underwriting Team Manager at State Farm, stating that Mel Nelson was the State Farm "issuing agent" for the Serigne's policy, and that Schaumburg became the servicing agent on March 27, 2002.

complains that the same law firm representing Serigne has filed a number of other cases for other plaintiffs making substantially similar allegations against different State Farm agents.[4]  It attached a list of 24 such cases as Exhibit "2".

Serigne controverts State Farm's argument regarding the purported lack of communication between Schaumburg and Serigne with two affidavits of her own stating that within the last three years, and during each renewal period, she met with Schaumburg and his "agent's staff" for advice and expertise in procuring insurance to protect the insured property from losses associated with hurricanes.  Where the facts giving rise to the allegations of the Petition are ambiguous or in dispute, as the competing affidavits show here, the ambiguities and disputed facts must be resolved in favor of remand.  In admittedly general terms, Serigne's Petition alleges that they sought professional advise from Shaumburg regarding procuring insurance protection from hurricane damage for their home and contents, and that at each renewal period, including July 2005, they relied on Shaumburg to advise them and to procure adequate and correct insurance coverage in amounts sufficient to protect them from all hurricane

---

[4] Who will actually pay any judgment rendered against any defendant is immaterial to the plaintiff's right to bring a cause of action against a defendant who may be liable for negligent acts or omissions regarding that plaintiff.  Likewise, the fact that counsel for Serigne represents numerous other plaintiffs with substantially similar claims against various State Farm agents is immaterial to the issues before the Court in this action.

damages, and that Shaumburg represented to them that the coverage recommended was adequate.  At a minimum, resolving ambiguities and disputed allegations in favor of the nonremoving party, these allegations state a claim against Shaumburg under Louisiana law.[5]  *See, e.g.,* Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536-37 (E.D.La. 4/25/2006).

Moreover, from the allegations in the complaint and the evidence before it, the Court cannot determine whether Serigne' claims against Shaumburg are perempted pursuant to La.R.S. 9:5606(A).  *See, e.g.* Botnick, *supra* (In the face of competing affidavits the "Court cannot conclude that the plaintiffs are unable to prove a set of facts on peremption that could entitle them to relief.")  These factual disputes must be resolved in favor of remand.  State Farm has not met its burden of proving by clear and convincing evidence that removal was proper.

Accordingly,

---

[5] Because Serigne' claims against Shaumburg destroy complete diversity, it is unnecessary for the Court to address the parties' arguments regarding claims against the adjusters.

**IT IS ORDERED** that Serigne' motion to remand is **GRANTED**, and the captioned matter, C.A. 06-8721, is hereby **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines for lack of subject matter jurisdiction.

New Orleans, Louisiana, January 17, 2007.

                                                                         _____
                                                                         **MARCEL LIVAUDAIS, JR.**
                                                                         Senior United States District Judge